[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the Town of North Kingstown (hereinafter "Board"). Arthur and Dorothy Clairess (hereinafter "Plaintiffs") seek to remand the Board's February 11, 1992 decision dismissing Plaintiff's appeal of the issuance of a building permit by the building official for the Town of North Kingstown as untimely. Jurisdiction is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20.
FACTS/TRAVEL
The property in question is owned by Richard P. Collins (hereinafter "Collins") and is identified as Lot 139 on North Kingstown Tax Assessor's Plat 116 located at 43 Cranston Circle in the Town of North Kingstown. The plaintiffs in this case are abutters owning real estate identified as Lot 138 on Assessor's Plat 116 located at 31 Cranston Circle.
On May 15, 1991 Collins applied for and was issued a building permit by the building official for the Town of North Kingstown. The permit provided for the construction of a studio/bedroom on existing foundation. On May 20, 1991 Plaintiffs observed Collins preparing his property for construction. Plaintiffs observed both a surveyor on the property and the delivery of construction materials. This activity prompted Plaintiffs to contact the building official with concern regarding the appropriateness of Collins' use of the property on May 22, 1991. The Building Inspector replied to Clairess's concerns by assuring them that the proposed construction was granted a valid permit as an "accessory use".
On June 25, 1991 Collins filed an application with the Rhode Island Division of Land Resources for approval of an individual sewage disposal system (hereinafter "I.S.D.S."). The I.S.D.S. permit which was issued on August 23, 1991 was approved "for repair only. No new construction allowed." Due to his planned installation of plumbing fixtures Collins was required to file a Revised Permit Application which provided "proposed construction is a bathroom/den and the purpose of the revision is to install bathroom fixtures." The revised permit was filed on September 5, 1991 and subsequently issued on September 23, 1991.
A notice of suspension was issued by the Department of Environmental Management Division of Groundwater and I.S.D.S. and was sent to Collins on October 22, 1991. The suspension notice revealed the following violation "design data not consistent with field conditions, specifically number and location of bedrooms." On November 4, 1991 the Town of North Kingstown sent a suspension notice to Collins. Collins appealed the suspension to the Building Code of Appeals on November 12, 1991. At that time Plaintiffs appeared and objected to Collins' appeal. A hearing on the matter was originally scheduled for December 4, 1991 and rescheduled to February 5, 1991.
On January 8, 1992 the Clairesses filed an application for appeal to the Town of North Kingstown's Zoning Board of Review. Clairesses claimed that the lot in question was substandard in size for its proposed use and that the use was not a valid accessory use. At a hearing of the Zoning Board of Review on February 11, 1992 the Board dismissed the Clairesses appeal as untimely, that is not filed within the fifteen day time limit as provided for in the North Kingstown Zoning Ordinance.
From that Zoning Board decision, this appeal followed.
II. STANDARD OF REVIEW
Plaintiffs filed this appeal of the Board's decision and argue that the matter should be remanded to the Zoning Board for a hearing on revoking the building permit issued to Collins. Defendants maintain that Plaintiffs failed to appeal the issuance of the building permit in a timely fashion. The Rhode Island Supreme Court has stated that the issue of timeliness of an appeal is antecedent to the question regarding the merits of the petitioner's appeal. Hardy v. Zoning Board of Review of the Townof Coventry, 113 R.I. 375, 377, 321 A.2d 289,290 (R.I. 1974). Thus, this Court must initially consider the timeliness of Plaintiff's appeal.
Rhode Island General Laws 1956 (1991 Reenactment) §45-24-16 establishes the right of any aggrieved person to appeal a decision of the administrative officer to the Zoning Board of Review. The timeliness of such an appeal is deemed to be "within a reasonable time as provided for by the rules of the Board by filing with the officer from whom the appeal is taken and with the board of review, a notice of appeal specifying the grounds thereof." Id. The Town of North Kingstown provides for a fifteen day time period during which an appeal of the issuance of a building permit must be taken to the local Zoning Board of Review (See Town of North Kingstown Zoning Ordinance, Article I, § 27-7(a)(1).)
Our Supreme Court has held that a reasonable time as contemplated in § 45-24-16 "begins to run against an appellant only at such time as he becomes chargeable with knowledge of the decision from which he seeks to appeal" Hardy at 291. The court in Hardy found that a period of 30 days "prescribed in the ordinance constitutes a sufficient compliance with the statutory requirement which one seeking to claim an appeal of an administrative officer must be met." Id at 291. However, where there is no specific time period adopted by the Board the timeliness of the appeal depends on the "peculiar facts" of the case. Zeilstra v. Barrington Zoning Board of Review,417 A.2d 303, 308 (R.I. 1989) (citations omitted).
III. DECISION
In the case at bar, the time limit prescribed by the North Kingstown town ordinance is fifteen (15) days. North Kingstown Zoning Ordinance. Article I, 21-7(a)(1) The record below discloses that not only did plaintiff's fail to appeal within the fifteen day limit, but they waited eight months from the issuance of the permit to file an appeal. The Board had before it uncontradicted testimony that plaintiffs became chargeable with the knowledge of Collins' construction activity in May of 1991 and subsequently had actual knowledge of the issuance of a building permit following their discussions with the building official. Although it is clear that plaintiffs took several measures to voice their concerns to various parties, there was no appeal filed until January 8, 1992, some seven and a half months after the original issuance of the permit. Clearly, plaintiffs had several opportunities to appeal the permit issued in May of 1991, including the date of issuance of the plumbing permit as well as the date defendant's permit was suspended. Accordingly, the Court concludes that plaintiffs not only failed to appeal the decision within fifteen days but furthermore, failed to appeal within a reasonable time.
After a review of the record, this Court finds that the decision of the Board is supported by credible, probative, and substantial evidence. Accordingly the decision of the Zoning Board of Review for the Town of North Kingstown is affirmed.
Counsel shall submit the appropriate order for entry.